```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA
                            WESTERN DIVISION
```

IN RE:

PREMIER FARMS, L.C.                             Chapter 11

    Debtor.                              Bankruptcy No. 03-04632S

JBD PORK, INC.; HYLAND FARMS,
INC.; DON & TIM FLAHERTY;
DEAN RUNYON; LAWRENCE HANDLOS;
DENNIS RIESBERG; NEWELL PIG,
L.L.D.; DENNIS SITZMANN and
DANA SITZMANN

    Plaintiffs                          Adversary No. 04-9035S

vs.

BANK OF AMERICA, N.A.; BANC OF
AMERICA SECURITIES LLC;
KEYBANK, N.A.; LaSALLE BANK, N.A.;
AGSTAR FINANCIAL SERVICES PCA;
DeCOSTER CONTRACT FARMING; DeCOSTER
FEED; DeCOSTER INVESTMENT and WRIGHT
CO. EGG,

    Defendants.

```
                           DECISION RE:
                  DEFENDANTS' MOTION TO DISMISS
```

    Defendants Bank of America, N.A., Banc of America Securities L.L.C., Keybank, N.A., LaSalle Bank, N.A., Agstar Financial Services, PCA f/k/a Agstar Farm Credit Services PCA (hereinafter "Bank Group") move to dismiss the plaintiffs' complaint.  Hearing on the motion was held on May 5, 2004 in Fort Dodge.  Jeff W. Wright and Jeana L. Goosmann appeared as attorneys for plaintiffs.  T. Randall Wright appeared as

attorney for Bank Group.

Plaintiffs are JBD Pork, Inc., Hyland Farms, Inc., Don and Tim Flaherty, Dean Runyon, Lawrence Handlos, Dennis Riesbert, Newell Pig, L.L.C., Dennis Sitzmann, and Dana Sitzmann (hereinafter "Plaintiffs").  They filed their complaint on February 19, 2004 against Bank Group and four other entities: DeCoster Contract Farming, DeCoster Feed, DeCoster Investment, and Wright Co. Egg (hereinafter as "DeCoster Defendants").

The complaint alleges that Plaintiffs obtained a judgment against Premier Farms, L.C. (hereinafter "Debtor") in the Iowa District Court for Wright County on September 8, 2003.  The amount of the judgment was $954,925.00 plus interest and costs.  Plaintiffs allege they are a "junior lienholder as a result of its judgment lien."  (Complaint, ¶ 17).

Austin J. "Jack" DeCoster is the sole owner and director of Debtor.  He owns or controls other business entities including the DeCoster Defendants.  Bank Group entered into a credit arrangement with Mr. DeCoster, DeCoster's spouse Patricia, and the DeCoster Revocable Trust.  Bank Group loaned in excess of 67 million dollars to finance agricultural operations of Mr. DeCoster and various entities in which he has an interest.  The credit arrangement and loans were

guaranteed by 14 entities in which one or all of the primary obligors have an interest.  These entities secured their guarantees by granting Bank Group a security interest in some or all of their assets.  These guarantors include Debtor.  Plaintiffs allege that Mr. and Mrs. DeCoster and the DeCoster Revocable Trust also gave security interests to Bank Group to secure the credit arrangement (Complaint, ¶ 15 and Exhibit A to Complaint).  The loans made by Bank Group to DeCosters and related entities are not in default.  Premier Farms, L.C. filed its chapter 11 bankruptcy petition in this court on December 8, 2003.  Bank Group filed a secured claim in the amount of $67,062,978.83.

Plaintiffs assert four claims against Bank Group: (1) the assets of Debtor should be marshaled in Plaintiffs' favor as against Bank Group, and Bank Group's claim should be disallowed; (2) the claim of Bank Group should be subordinated to Plaintiffs' claim and the lien securing Bank Group's claim should be transferred to the bankruptcy estate; (3) Bank Group's security interest in Debtor's assets should be avoided as a fraudulent conveyance; (4) Bank Group's security interest in Debtor's assets and Debtor's guaranty should be avoided for lack of consideration.  Bank group moves to dismiss all of these claims for relief.

## Marshaling

Plaintiffs claim to be junior lienholders to Bank Group. Bank Group contends that Plaintiffs do not have a lien against Debtor's assets solely by virtue of their judgment. There is no indication in the complaint how the lien arose. Nonetheless, for purposes of the motion to dismiss, I take as true the Plaintiff's allegation that they are secured creditors and that their lien is junior to Bank Group's security interest. I must accept the allegations of the complaint as true and in the light most favorable to Plaintiffs. <u>Casazza v. Kiser</u>, 313 F.3d 414, 418 (8th Cir. 2002).

Plaintiffs ask the court to apply the doctrine of marshaling of assets to protect their junior lien. Plaintiffs argue that they have access only to the assets of Debtor, but that Bank Group has access to the assets of the three primary obligors and 13 other guarantors. Plaintiffs ask the court to order Bank Group to pursue the other assets first.

There are normally three elements necessary to support a claim for marshaling:

(1) the existence of two creditors with a common debtor;

(2) the existence of two funds belonging to the common debtor;

4

(3) the legal right of one of the creditors to satisfy its claim from either of the two funds, and the legal right of the other creditor to satisfy its claim from only one of the funds.  <u>Morris v. Jack B. Muir Irrevocable Trust (In re Muir)</u>, 89 B.R. 157, 160 (Bankr. D. Kan. 1988).  Case law has developed three exceptions to the common debtor element.  <u>Id.</u> at 161.  None of these has been pled by Plaintiffs against Bank Group.  Bank Group moves to dismiss the marshaling claim on the ground that Plaintiffs have failed to state a claim upon which relief may be granted.  Fed.R.Civ.P. 12(b)(6).

Bank Group contends that Plaintiffs are not entitled to marshaling because on the face of their complaint, they do not meet the doctrine's requirement that the funds sought to be marshaled belong to a common debtor.  Bank Group argues that Plaintiffs seek to apply the doctrine to assets belonging to the 16 other related entities.

Application of the marshaling doctrine in bankruptcy cases appears more liberal in this circuit than application under the doctrine's generally recognized elements.  <u>Berman v. Green (In re Jack Green's Fashions for Men Big and Tall Inc.)</u>, 597 F.2d 130 (8th Cir. 1979).  In that case, the circuit court approved marshaling to require a senior lienholder to exhaust its interests in assets owned by other bankruptcy estates and

5

by other individuals before proceeding against the assets of the common debtor's chapter 7 estate. The adversary proceeding against the senior lienholder was brought by the trustee of the common debtor's bankruptcy estate, presumably under his status as a lien creditor. See 11 U.S.C. § 544(a)(1). The Eighth Circuit Court of Appeals did not enforce the requirement that all the assets at issue belong to the common debtor.

Bank Group also contends that because Plaintiffs are unsecured creditors, they are not entitled to marshaling. Generally, the doctrine involves the competing claims of secured creditors. Matter of Dealer Support Services International, Inc., 73 B.R. 763, 764 (Bankr. E.D. Mich. 1987). However, Plaintiffs allege they are secured creditors.

Bank Group argues that the marshaling claim should be dismissed because Plaintiffs fail to name as defendants all of the owners of property in which Bank Group holds security interests. Bank Group argues that these owners, including Mr. and Mrs. DeCoster, the Revocable Trust, the Debtor, and 13 related DeCoster entities are parties necessary to the proceeding. Bank Group says the court cannot order marshaling against parties and property which are not before the court. Bank Group appears to move to dismiss for failure to join

parties needed for a just adjudication under Fed.R.Civ.P. 19, and 12(b)(7).  The burden of proof is on Bank Group to establish that the primary obligors, the Debtor and other guarantors are necessary parties.  <u>King v. Pine Plains Central School District</u>, 918 F.Supp. 772, 782 (S.D. N.Y. 1996).  Bank Group has failed to meet its burden.

Bank Group's motion to dismiss Plaintiff's marshaling claim against it will be denied.

<u>Equitable Subordination</u>

Plaintiff contends that Bank Group is "guilty of inequitable conduct," and that the court should subordinate Bank Group's claim to Plaintiffs' claim.  Plaintiffs ask also that any lien securing Bank Group's subordinated claim be transferred to Debtor's bankruptcy estate.  <u>See</u> 11 U.S.C. § 510(c).  Bank Group contends that this claim should be dismissed because Plaintiffs are not proper parties to assert it.  Bank Group cites <u>In re Morpheus Lights, Inc.</u>, 228 B.R. 449 (Bankr. N.D. Cal. 1998), for the proposition that where the claim for equitable subordination is a general one, and is property of the bankruptcy estate, the estate representative is the entity with standing to bring the claim.  <u>Id.</u> at 453.

However, if the claim is owned by an individual creditor

7

because of a particularized injury to it, then that creditor may bring the claim.  Id.  If the proper party is the estate representative and it does not assert the claim, an individual creditor may bring the claim only with court approval.

Plaintiffs' allegations as to Bank Group's inequitable conduct are too general to determine the nature of the conduct or the likely ownership of the claim.  Bank Group asks that if the court does not dismiss the claim, it order the Plaintiffs to amend the complaint to provide a more definite statement of the alleged inequitable conduct.

Regardless of whether a pleading is so vague or ambiguous so as to prevent a party from framing a responsive pleading, the court in its discretion, in response to a Rule 12(e) motion, may "require such detail as may be appropriate in the particular case."  Dethmers Mfg. Co., Inc. v. Automatic Equipment Mfg. Co., 23 F.Supp.2d 974, 1008 (N.D. Iowa 1998).  The complaint merely alleges that Bank Group is "guilty of inequitable conduct, Bank of America has controlled the debtor and/or Bank of America's claim itself is of a status acceptable to subordination."  (Complaint, ¶ 26).  I find the allegation vague as to the inequitable conduct of Bank Group.  Moreover, the Plaintiffs' request that the Bank Group's lien be transferred to the estate seems to fly in the face of any

argument that Plaintiffs have suffered a particularized injury. The motion for more definite statement will be granted.

### Fraudulent Transfer

Plaintiffs allege that Debtor's transfer to Bank Group of its guaranty and the security interest were fraudulent transfers under 11 U.S.C. § 548. It appears that Plaintiffs contend the transfers were both constructively and actively fraudulent. See 11 U.S.C. § 548(a)(1)(A) and (B).

Bank Group moves to dismiss this claim because it argues that Plaintiffs lack standing to assert it. I agree. Section 548(a)(1) of the Bankruptcy Code, 11 U.S.C. § 548(a)(1), provides that the trustee may avoid certain transfers described as fraudulent. In this chapter 11 case, such proceedings may be brought by the debtor-in-possession. 11 U.S.C. § 1107(a).

Individual creditors do not have standing to avoid fraudulent transfers. Nangle v. Lauer (In re Lauer), 98 F.3d 378, 388 (8th Cir. 1996). The Circuit Court has stated that where a debtor-in-possession fails to bring an avoidance action, an individual creditor has various options: (1) the creditor may move for the appointment of a trustee; (2) the

9

creditor may move to convert the case to chapter 7; (3) the creditor may move to dismiss the case; (4) the creditor may move to compel the debtor-in-possession to assert the avoidance claim or it may request permission to bring the action itself. <u>Saline State Bank v. Mahloch</u>, 834 F.2d 690, 695 (8th Cir. 1987). It would appear that plaintiffs, even then, must show that the debtor-in-possession was unable or unwilling to bring the action. <u>In re Lauer</u>, 98 F.3d at 388.

Plaintiffs have not requested permission to bring the claim against Bank Group under 11 U.S.C. § 548. The claim will be dismissed without prejudice.

## Lack of Consideration

Plaintiffs claim that Debtor has not received any value or consideration in exchange for its guaranty of the debt of Mr. and Mrs. DeCoster and the Trust or in exchange for Debtor's grant of a security interest to secure the guaranty. Further, Plaintiffs allege that Debtor has received no funds from the credit arrangement. Plaintiffs contend that the guaranty and security agreement are unenforceable for lack of consideration.

Bank Group moves to dismiss this claim under Fed.R.Civ.P. 12(b)(6) on the ground that Plaintiffs are strangers to the

10

contract between Debtor and Bank Group, and therefore cannot attack the transaction for lack of consideration.  Bank Group argues that Plaintiffs have no standing.

Bank Group has filed a proof of claim.  A party-in-interest may object.  11 U.S.C. § 502(a).  This includes creditors.  <u>Power Five, Inc. v. General Motors Corp.</u>, 219 B.R. 513, 516-17 (S.D. Ind. 1998).  The debtor-in-possession is a party-in-interest.  It has not objected.  Plaintiffs have filed a claim.  It also is a party-in-interest in the case.  Notwithstanding who may raise such an objection under Iowa law, federal bankruptcy law provides that a party-in-interest may object to a claim on the ground that the claim is unenforceable against the debtor or property of the debtor under any agreement or applicable law.  11 U.S.C. § 502(b)(1).  The effect of this section is to make a debtor's defense to a claim available to the trustee.  4 Collier on Bankruptcy, ¶ 502.03[2][b] (15th ed. rev. 2004).  Such a defense would also be available to creditors.  Plaintiffs may raise lack of consideration as an objection to Bank Group's claim.  The motion to dismiss the objection will be denied.

<u>ORDER</u>

IT IS ORDERED that Bank Group's motion to dismiss

11

Plaintiffs' objection to its claim is denied.

IT IS ORDERED that Bank Group's motion to dismiss Plaintiffs' claim to avoid a fraudulent transfer from Debtor to Bank Group under 11 U.S.C. § 548 is granted. The Plaintiffs' claim under 11 U.S.C. § 548 is dismissed.

IT IS ORDERED that Bank Group's motion to dismiss Plaintiffs' claim for equitable subordination is denied.

IT IS ORDERED that Bank Group's motion for more definite statement under Fed.R.Civ.P. 12(e) is granted. Plaintiffs shall have to and including June 10, 2004 to amend its claim for equitable subordination to set forth the nature of the inequitable conduct of Bank Group entitling Plaintiffs to equitable subordination.

IT IS ORDERED that Bank Group's motion to dismiss Plaintiffs' claim for marshaling of assets is denied.

SO ORDERED THIS 24th DAY OF MAY 2004.

William L. Edmonds, Bankruptcy Judge